UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| RICHEY HEBERT, ET AL. | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 23-546 |
| ENI PETROLEUM CO., INC., ET AL. | * | SECTION "E" (2) |

**ORDER AND REASONS**

Before me on an expedited basis is Defendants ENI Petroleum Co., Inc. and ENI US Operating Co., Inc.'s (together, "ENI") Motion to Quash the Deposition of Dr. Thomas Bertuccini. ECF No. 66. Plaintiff timely filed an Opposition, and ENI timely filed a Reply. ECF Nos. 71, 72. No party requested oral argument, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion to Quash is GRANTED for the reasons stated herein.

**I.  BACKGROUND**

Plaintiffs Richey and Ann Hebert filed suit against Defendants ENI Petroleum Co., Inc., ENI US Operating Co., Inc., Nabors Offshore Corporation, and Williams Field Services Gulf Coast Company, LLC to recover damages for injuries sustained in a July 8, 2022, work-related fall on the Devil's Tower oil platform. ECF No. 33 ¶¶ IV, VIII-X. After receiving notice of a planned surgery by Plaintiff Richey Hebert's primary treating neurosurgeon Dr. Ilyas Munshi, ENI retained Dr. Bertuccini to perform a Rule 35 examination, which took place in May 2023. ECF No. 66-1 at 1-2. ENI delivered a copy of Dr. Bertuccini's report to Plaintiffs as required by Rule 35(b)(1), but then notified counsel that they would not call Dr. Bertuccini as a witness at trial, characterizing him as a non-testifying consultant. *Id.* at 2.[1]

---

[1] Although the deadline for filing witness and exhibit lists was October 15, 2024 (ECF No. 61 at 8-9), it does not appear that either Plaintiffs or ENI filed witness or exhibit lists as did intervenor on October 17, 2024. ECF Nos. 68, 69.

1

Plaintiffs noticed Dr. Bertuccini's deposition, and Defendants now seek to quash same under Rule 26(b)(4)(D).  ENI argues that an independent medical exam ("IME") consultant who has not been designated as a testifying expert must deliver his report but may not be deposed except upon a showing of exceptional circumstances.  ECF No. 66-1 at 3-4.  Citing Fifth Circuit precedent holding that Rule 26(b)(4)(B) (now designated as Rule 26(b)(4)(D)) applies to shield a non-testifying expert—even one designated to perform an IME under Rule 35—from deposition absent a showing of exceptional circumstances,[2] ENI argues that Plaintiffs have not established exceptional circumstances necessary to justify deposing the consulting expert.  ECF No. 66-1 at 5-7.  It also contends that the testimony would be unfairly prejudicial and cumulative.  *Id.* at 7-9.

In Opposition, Plaintiffs argue that the motion should be denied for nine reasons, including (1) fundamental fairness/truth seeking; (2) Dr. Bertuccini is not a consulting expert and has been listed as a fact witness by ENI and Nabors in initial disclosures and discovery responses; (3) Plaintiffs can establish exceptional circumstances because the information obtained by Dr. Bertuccini on the particular day of examination is not available from any other source; (4) ENI has abused the Rule 35 process; and (5) Dr. Bertuccini's opinions and analysis can be used for impeachment.  ECF No. 71.  Citing *In re Taxotere (Docetaxel) Products Liability Litigation*, No. 16-2740, 2018 WL 5669019 (E.D. La. Nov. 1, 2018), Plaintiffs argue that Dr. Bertuccini examined Hebert and performed certain tests after which he rendered an opinion favorable to Plaintiffs, in agreement with Hebert's treating physician but contrary to ENI's new expert's opinion, and Dr. Bertuccini is the only witness and source of information for Hebert's physical condition on the day of the examination; thus, he is a necessary witness rather than a consulting expert.  ECF No. 71 at

---

[2] *Brower v. Staley, Inc.*, 306 F. App'x 36 (5th Cir. 2008).

2

3-7. Plaintiffs also argue that Dr. Bertuccini's opinion can be used to impeach ENI's new testifying expert's contrary opinion, and they have established exceptional circumstances. *Id.* at 7-13.

In Reply, ENI argues that Plaintiffs have not satisfied their heavy burden to establish exceptional circumstances as necessary to depose a consulting expert. ECF No. 72. They argue that Dr. Bertuccini cannot be a fact witness because he did not conduct his examination until May 15, 2023, which was a year after the accident and that Plaintiffs seek to use Dr. Bertuccini to prejudice the jury against ENI. *Id.* at 1-2. ENI distinguishes the district court cases cited by Plaintiffs, reiterates the Fifth Circuit's statement in *Brower v. Staley, Inc.*, and argues that Plaintiffs cannot establish exceptional circumstances nor demonstrate how Dr. Bertuccini's testimony can constitute impeachment evidence. *Id.* at 2-5.

## II. APPLICABLE LAW

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Additionally, Rule 26(b)(2) requires that the court, on motion or on its own, limit discovery (1) that is unreasonably cumulative or duplicative or can be obtained from another source that is more convenient, less burdensome, or less expensive; (2) when the party seeking discovery has had ample opportunity obtain the information by discovery in the action; or (3) when the discovery is outside the scope of Rule 26(b)(1). FED. R. CIV. P. 26(b)(2)(C)(i)-(iii).

Rule 26 of the Federal Rules of Civil Procedure specifically protects from discovery the facts and opinions known to a non-testifying expert retained in anticipation of litigation or to prepare for trial:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> (i) as provided in Rule 35(b); or
> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

FED. R. CIV. P. 26(b)(4)(D)(i)-(ii). Courts have cited four bases for limiting discovery of non-testifying experts' information:

> (1) counsel have an interest in obtaining advice to properly evaluate and present their clients' positions without fear that every consultation with an expert might "yield grist for the adversary's mill;" (2) it is unfair to permit a party to benefit from the effort and expense incurred by the other in preparing its case; (3) it is possible that compelling the experts' testimony may result in a chilling effect on the willingness of experts to serve as consultants, and may, in fact, be unfair to the experts; and (4) allowing one party to call an expert previously retained or consulted by the other side creates a risk of substantial prejudice derived from the fact of the prior retention, apart from the substance of the testimony.[3]

Rule 26 recognizes that there is no need to obtain discovery from a non-testifying expert for effective cross-examination when the expert will not testify.[4] Further, allowing the deposition frustrates the purposes of Rule 26(b)(4)(B) by allowing a party to use his opponent's expert's opinions to prepare his own case, and at his opponent's expense.[5]

The deposition may, however, be conducted upon a showing of exceptional circumstances. The Fifth Circuit has described the burden of establishing exceptional circumstances under Rule

---

[3] *Quest Diagnostics Inc. v. Factory Mut. Ins. Co.*, No. 07-3877, 2009 WL 10680098, at *4 (E.D. La. Mar. 11, 2009) (citations omitted).
[4] *Crews v. Nabrico*, No. 99-3254, 2001 WL 46878, at *1 (E.D. La. Jan. 18, 2001) (Vance, J.) (citing *Hoover*, 611 F.2d at 1142 ("The primary purpose of Rule 26(b)(4)(A)'s required disclosures about experts expected to be called at trial is to permit the opposing party to prepare an effective cross-examination.")); *see also Decena v. American Intern. Companies*, No. 11–1574, 2012 WL 1565258, *2 (E.D. La. May 2, 2012) (citations omitted).
[5] *Decena*, 2012 WL 1565258, at *2.

26(b)(4) as a heavy one.[6]  Ultimately, the exceptional circumstances requirement means the movant must establish the inability to obtain equivalent information from other sources.[7]

To be entitled to Rule 26(b)(4)(D)'s non-testifying expert protections, the consulting expert must not have had prior knowledge of the facts giving rise to the litigation and must not be or become an actor in the factual narrative of the case.[8]  Indeed, the Advisory Committee Notes to Rule 26(b)(4) make clear that the Rule does not "address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit.  Such an expert should be treated as an ordinary witness."[9]

In allowing the discovery of certain documents from the non-testifying expert witness, Judge Morgan recently described the burden as requiring a showing that "it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."[10]  But Plaintiffs in this case do not seek any of Dr. Bertuccini's documents; they already have his report.  What Plaintiffs seek here is to depose Dr. Bertuccini.  In affirming the district court's decision to grant a protective order prohibiting the deposition of a non-testifying expert physician who had conducted an IME, the Fifth Circuit unequivocally recognized that Rule 26(b)(4)'s non-testifying expert privilege applies to Rule 35 IME physicians:

> Rule 26(b)(4)(B) [now Rule 26(b)(4)(D)] of the Federal Rules of Civil Procedure prohibits the deposition of a non-testifying expert except in accordance with Rule 35(b) or upon a showing of exceptional circumstances.  While Rule 35(b) allows the discovery of an examiner's report, it states only that it "does not preclude . . . deposing an examiner under other rules."  Because Rule 26(b)(4)(B) controls and

---

[6] *Hoover v. U.S. Dep't of the Interior*, 611 F.2d 1132, 1142 n.13 (5th Cir. 1980) (citation omitted).
[7] *In re Shell Oil Refinery*, 132 F.R.D. 437, 442 (E.D. La. 1990) (citations omitted).
[8] *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 16-2740, 2018 WL 5669019, at *4 (E.D. La. Nov. 1, 2018) (Milazzo, J.).
[9] FED. R. CIV. P. 26(b)(4) advisory committee's note to 1970 amendment.
[10] *Ictech-Bendeck v. Waste Connections Bayou, Inc.*, No. 18-7889, 2024 WL 1514192, at *4 (E.D. La. Apr. 8, 2024) (Morgan, J.).

Brower has not shown exceptional circumstances, the district court did not abuse its discretion in granting the motion for a protective order.[11]

Rule 26(b)(4)(D) requires the court to distinguish between a "percipient witness who happens to be an expert" and "an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide opinion testimony."[12] Non-testifying consulting experts are ordinary fact witnesses to the extent that they "acquire[ ] their information through percipient observations" of the events at issue in the case or become actors in the factual narrative of the case:

> A person is not a consulting expert if he is "an actor with regard to the occurrences from which the tapestry of the lawsuit was woven," whose opinion . . . is premised on personal knowledge and observations . . . . An expert whose opinion testimony "arises not from his enlistment as an expert but, rather, from his ground-level involvement in the events giving rise to the litigation" is not a consulting expert.[13]

A witness does not, however, forfeit their status as experts merely because they learned "facts" in the course of their investigation in addition to developing expert opinions.[14]

There is no question that Dr. Bertuccini qualifies as an expert retained or specially employed in preparation for trial. The fundamental purpose of deposing a testifying expert is to allow the party to prepare for cross-examination at trial. That is not implicated here because Dr. Bertuccini is not testifying at trial. Had Dr. Bertuccini not delivered a copy of his report to Plaintiffs, then they would have a better position to argue exceptional circumstances to justify the deposition. But here, Dr. Bertuccini's report was provided as required. Thus, this case is indistinguishable from the Fifth Circuit's decision in *Brower*.

---

[11] *Brower*, 306 F. App'x at 39 (footnotes and citations omitted).
[12] *In re Taxotere*, 2018 WL 5669019, at *3 (quoting *LaShip, LLC v. Hayward Baker, Inc.*, No. 11-0546, 2013 WL 122202649, at *6 (E.D. La. Aug. 13, 2013) (Brown, J.)).
[13] *Id.* at *4 (quoting *LaShip*, 2013 WL 122202649, at *7).
[14] *Costal Towing, Inc. v. Novarco, Ltd.*, No. 98-492, 1999 WL 970357, at *1 (E.D. La. Oct. 21, 1999) (citing *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 175 F.R.D. 34, 42 (S.D.N.Y. 1997)).

For Plaintiffs to obtain Dr. Bertuccini's testimony, they must establish "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." FED. R. CIV. P. 26(b)(4)(D)(ii).  Plaintiffs have not shown exceptional circumstances.  Not only has Plaintiff Richey Hebert's own physician examined him shortly before and shortly after Dr. Bertuccini and rendered an opinion consistent with Dr. Bertuccini, but Plaintiffs have received Dr. Bertuccini's written report.  Plaintiffs' expert may review and analyze that report.[15]  Further, Dr. Bertuccini's knowledge derives directly from his engagement as an expert in this case, and his examination of Plaintiff Hebert in that capacity does not transform him from an expert witness to a percipient witness.  For that reason, the exception to Rule 26(b)(4)(D) does not apply to allow Plaintiffs to depose the non-testifying Rule 35 physician.

### III.  CONCLUSION

Dr. Bertuccini is a non-testifying, consulting expert.  As such, he is protected from discovery under Rule 26(b)(4)(D).  Further, his opinion is cumulative of Plaintiff's treating physician's opinion and Plaintiffs have not established that the inability to obtain equivalent information from other sources.  Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Quash is GRANTED.

New Orleans, Louisiana, this ___23rd___ day of October, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[15] *Kiser v. Gen. Motors Corp.*, No. 98-3669, 2000 WL 1006239, at *3 (E.D. La. July 19, 2000) (Africk, J.) (denying request to depose non-testifying expert where other experts had similar access and a copy of the non-testifying expert's report).